**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____   Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1. Debtor's Name** | **Digital Media Solutions, Inc.** | |
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | | |
| **3. Debtor's federal Employer Identification Number (EIN)** | **98-1399727** | |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **4800 140th Avenue N.**<br>Number        Street | Number        Street |
| **Suite 101** | P.O. Box |
| **Clearwater**          **FL**      **33762**<br>City                State      Zip Code | City                State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Pinellas County**<br>County | Number        Street |
| | City                State      Zip Code |

**5. Debtor's website (URL)**   **https://digitalmediasolutions.com**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Digital Media Solutions, Inc.**                                        Case number *(if known)* _____
     Name

---

**7.  Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5418**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check **all** that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____    When _____    Case number _____
                                    MM/DD/YYYY

           District _____    When _____    Case number _____
                                      MM/DD/YYYY

---

Debtor      **Digital Media Solutions, Inc.**                                   Case number *(if known)*
_____                                      _____
Name

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No  ☒ Yes. | |

List all cases. If more than 1, attach a separate list.

Debtor      **See Rider 1**                          Relationship      **Affiliate**

District      **Southern District of Texas**

                                                     When      **09/11/2024**
Case number, if known   _____                        MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?   _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other   _____

**Where is the property?**   _____
                             Number          Street

                             _____
                             City                         State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

         Contact name       _____

         Phone              _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

Debtor   **Digital Media Solutions, Inc.**                                    Case number *(if known)* _____
_____
Name

| | | | | | | |
|---|---|---|---|---|---|---|
| **14. Estimated number of creditors (on a consolidated basis)** | ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| | ☐ | 50-99 | ☒ | 5,001-10,000 | ☐ | 50,001-100,000 |
| | ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| | ☐ | 200-999 | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | | | | | | |
|---|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **09/11/2024**
                        MM/ DD / YYYY

**✗**   **/s/ Joe Marinucci**_____                 Joe Marinucci_____
       Signature of authorized representative of debtor        Printed name

Title   **Authorized Signatory**_____

**18. Signature of attorney**   **✗**   **/s/ John F. Higgins**_____   Date   **09/11/2024**_____
                                Signature of attorney for debtor                      MM/DD/YYYY

**John F. Higgins**_____
Printed name

**Porter Hedges LLP**_____
Firm name

**1000 Main St., 36th Floor**_____
Number                        Street

**Houston**_____   **Texas**_____   **77002**_____
City                                        State          ZIP Code

**(713) 226-6000**_____   **jhiggins@porterhedges.com**_____
Contact phone                            Email address

**09597500**_____   **Texas**_____
Bar number                         State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Digital Media Solutions, Inc.

- Digital Media Solutions, Inc.
- Aimtell Holdco, Inc.
- Aimtell LLC
- Apex Digital Solutions, LLC
- Aramis Interactive, LLC
- Art Brock Holdings, LLC
- Best Rate Holdings, LLC
- Best Rate Referrals, Inc.
- Car Loan Pal Holdings LLC
- CEP V DMS US Blocker Company
- CGIW Marketing Services, LLC
- Dealtaker, LLC
- Digital Media Solutions Holdings, LLC
- Digital Media Solutions, LLC
- DMS Education LLC
- DMS Engage, LLC
- DMS UE Acquisition Holdings Inc.
- Edge Marketing, LLC
- Forte Media Solutions, LLC
- Health Market Advisor Group, LLC
- Orange Cedar Holdings, LLC
- Peak Vertex LLC
- Performance Marketers Group, LLC
- Protect.com LLC
- Pure Flow Marketing, LLC
- PushPros LLC
- RGO Media LLC
- Schooladvisor, LLC
- She is Media, LLC
- SmarterChaos.com, LLC
- Sparkroom Holdings, LLC
- Sparkroom, LLC
- SWWSMedia.com, LLC
- Traverse Data, Inc.
- UE Authority, Co.
- W4 Holding Company, LLC
- White Star Email LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| DIGITAL MEDIA SOLUTIONS, INC., | Case No. 24-_____(___) |
| Debtor. |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Clairvest Equity Partners V | 22 St Clair Ave East Ste 1700 Toronto ON M4T 2S3 Canada | 17.93% |
| Cede & Co | 570 Washington Blvd Jersey City NJ 07310-1617 | 14.57% |
| Lion FIV PledgeCo Ltd, as General Partner, of LF LV PledgeCo L.P. | East Wing, Trafalgar Court, Les Banques Saint Peter Port GY1 3PP Guernsey | 11.44% |
| CEP V Co-Investment Limited Partnership | 22 St Clair Ave East Ste 1700 Toronto ON M4T 2S3 Canada | 9.14% |
| Leo Investors Limited Partnership | 21 Grosvenor Place London SW1X 7HF United Kingdom | 4.51% |
| CEP V-A DMS AIV Limited Partnership | 22 St Clair Ave East Ste 1700 Toronto ON M4T 2S3 Canada | 3.40% |
| Prism Data LLC | 4800 140th Ave N Ste 101 Clearwater FL 33762 | 0.30% |
| JEG Property Investments 401K Trust (JG Roth) | 1540 Keller Pkwy Ste 108-PMB 323 Keller TX 76248-1660 | 0.05% |
| Lori Bush Leo Holdings Corp | 21 Grosvenor Place London SW1X 7HF United Kingdom | 0.03% |
| JEG Property Investments 401K Trust (NG Roth) | 1540 Keller Pkwy Ste 108-PMB 323 Keller TX 76248-1660 | 0.03% |
| Estalea II LLC (f/k/a Terra Matrix LLC) | 223 E De La Guerra St Santa Barbara CA 93101-2206 | 0.01% |
| Estelea I LP | 223 E De La Guerra St Santa Barbara CA 93101-2206 | 0.01% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.  The Debtors are seeking authority to waive the requirement to file a list of all equity security holder as set forth in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors (A) File a Consolidated Creditor Matrix and a Consolidated List of the 30 Largest Unsecured Creditors and (B) Redact Certain Personally Identifiable Information of Natural Persons; (II) Waiving the Requirement to File a List of Equity Security Holdings; (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information; and (IV) Granting Related Relief.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DIGITAL MEDIA SOLUTIONS, INC., | Case No. 24-_____(___) |
| Debtor. | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

   Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Clairvest Equity Partners V | 17.93% |
| Cede & Co | 14.57% |
| Lion FIV PledgeCo Ltd, as General Partner, of LF LV PledgeCo L.P. | 11.44% |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name: | **Digital Media Solutions, Inc, et al.** |
| United States Bankruptcy Court for the | **Southern District of Texas** |
| | (State) |
| Case number (*If known*): | _____ |

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for  value of collateral or setoff | Unsecured  claim |
| 1 | GOOGLE LLC 160 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA 94043 UNITED STATES | ATTN: TITLE: PHONE: (650) 253-0000 EMAIL: COLLECTIONS@GOOGLE.COM | Trade Debts | | | | $2,771,537 |
| 2 | QUOTEWIZARD 157 YESLER WAY SEATTLE, WA 98104 UNITED STATES | ATTN: THOMAS PANTIG TITLE: PHONE: (203) 218-0441 EMAIL: THOMAS.PANTIG@LENDINGTREE.COM | Trade Debts | | | | $2,084,331 |
| 3 | ALL WEB LEADS, INC. 9004 ANDERSON MILL ROAD, UNIT A AUSTIN, TX 78729 UNITED STATES | ATTN: DANIEL DELFAVERO TITLE: PHONE: (512) 349-7900 EMAIL: DANIEL.DELFAVERO@ALLWEBLEADS.COM | Trade Debts | | | | $2,075,179 |
| 4 | ADHARMONICS DBA EVERQUOTE 210 BROADWAY, SUITE 302 CAMBRIDGE, MA 02139 UNITED STATES | ATTN: HUNTER INGRAM TITLE: PHONE: (615) 335-4152 EMAIL: HUNTER@EVERQUOTE.COM | Trade Debts | | | | $1,947,112 |
| 5 | KISSTERRA 910 FOULK ROAD, SUITE 201 WILMINGTON. DE 19803 UNITED STATES | ATTN: ERIC SEIDELMAN TITLE: PHONE: (734) 972-8564 EMAIL: ESEIDELMAN@KISSTERRA.COM | Trade Debts | | | | $1,485,527 |
| 6 | FHEXEY CORP 5TH FLOOR CROWN SEVEN BLDG., POPE JOHN PAUL II AVENUE KASAMBAGAN, CEBU CITY, CEBU, REGION VII PHILIPPINES | ATTN: NATALIIA FITSYCH TITLE: PHONE: EMAIL:  NATALIA@MAILBOX.ORG | Trade Debts | | | | $1,427,033 |
| 7 | SKADDEN ARPS SLATE ONE MANHATTAN WEST NEW YORK, NY 10001 UNITED STATES | ATTN: MARGARET KRAWIEC TITLE: PHONE: (212) 735-3000 EMAIL: MARGARET.KRAWIEC@SKADDEN.COM | Professional Services | | | | $780,195 |
| 8 | RATEQUOTE.COM LLC 164 MARKET ST, STE 307 CHARLESTON, SC 29401 UNITED STATES | ATTN: TITLE: PHONE: (847) 302-7832 EMAIL: ACCOUNTING@RATEQUOTE.COM | Trade Debts | | | | $677,474 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | QUINSTREET 950 TOWER LANE, SUITE 1200 FOSTER CITY, CA 94404 UNITED STATES | ATTN: TITLE: PHONE: (650) 578-7700 EMAIL: ACCTG-AR@QUINSTREET.COM | Trade Debts | | | | $601,490 |
| 10 | PRICEWATERHOUSECOOPERS. LLC 1075 PEACHTREE STREET ATLANTA, GA 30309 UNITED STATES | ATTN: ELIOT POWELL TITLE: PHONE: (410) 703-0586 EMAIL: ELIOT.EM.POWELL@PWC.COM | Professional Services | | | | $586,586 |
| 11 | BAKER & MCKENZIE LLP 300 EAST RANDOLPH STREET, SUITE 5000 CHICAGO, IL 60601 UNITED STATES | ATTN: PAULINA VUU TITLE: PHONE: (650) 856-2400 EMAIL: PAULINA.VUU@BAKERMCKENZIE.COM | Professional Services | | | | $567,243 |
| 12 | SPATARO MEDIA INC 20 DRAPER CRES ONTARIO, CANADA L4N 8A9 CANADA | ATTN: MITCH SPATARO TITLE: PHONE: (705) 241-3963 EMAIL: MITCH@SMIMEDIA.ORG | Trade Debts | | | | $549,348 |
| 13 | EDUCATION DYNAMICS 15200 SANTA FE TRAIL DR. SUITE 200 LENEXA, KS 66219 UNITED STATES | ATTN: O'SHANE RENNIE TITLE: PHONE: (201) 377-3072 EMAIL: ACCOUNTSRECEIVABLE@EDUCATIONDYNAMICS.NET | Trade Debts | | | | $518,494 |
| 14 | UDONIS 2035 SUNSET LAKE NEWARK, DE 19702 UNITED STATES | ATTN: MIHOVIL GRGURIC TITLE: PHONE: (385) 520-5204 EMAIL: KRISTINA@UDONIS.COM | Trade Debts | | | | $459,959 |
| 15 | ADSYNC MEDIA LLC 1200 BRICKELL AVE, SUITE 1950 MIAMI, FL 33131 UNITED STATES | ATTN: JOHN VENTURA TITLE: PHONE: (305) 988-5680 EMAIL: VENTURA@ADSYNCMEDIA.COM | Trade Debts | | | | $448,781 |
| 16 | RIOTECH AHAD HAAM 38 TEL AVIV ISRAEL | ATTN: AVI RUACH TITLE: PHONE: EMAIL: AVI.R@RIO-TECH.COM | Trade Debts | | | | $406,656 |
| 17 | AMAZON WEB SERVICES INC 410 TERRY AVENUE NORTH SEATTLE, WA 98109 UNITED STATES | ATTN: SHIVANI RATHORE TITLE: PHONE: (833) 448-2289 EMAIL: AWS-RECEIVABLES-SUPPORT@EMAIL.AMAZON.COM | Trade Debts | | | | $351,643 |
| 18 | DIGIPEAK 30 N. GOULD ST. STE R, #1-265 SHERIDAN, WY 82801 UNITED STATES | ATTN: BELAL AYOUB TITLE: PHONE: (516) 385-0000 EMAIL: ACCOUNTING@DIGIPEAK.COM | Trade Debts | | | | $341,702 |
| 19 | TREND CAPITAL HOLDINGS, INC. 655 W COLUMBIA WAY, #300 VANCOUVER, WA 98660 UNITED STATES | ATTN: ACCOUNTING DEPARTMENT TITLE: PHONE: EMAIL: ACCOUNTING@LEADVISTA.IO | Trade Debts | | | | $337,436 |
| 20 | MT MEDIA 222 EDGEWOOD CIRCLE RIPLEY, WV 25271 | ATTN: BRANDON HOFFMAN TITLE: PHONE: (832) 444-6707 EMAIL: BRANDON@MTLEADMEDIA.COM | Trade Debts | | | | $333,333 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | CAMPUS EXPLORER/ARCHER ED 10975 BENSON DR. SUITE 150 OVERLAND PARK, KS 66210 UNITED STATES | ATTN: BILLINGS DEPARTMENT TITLE: PHONE: (424) 216-9335 EMAIL: BILLABLES@ARCHEREDU.COM | Trade Debts | | | | $330,555 |
| 22 | MEDIA ALPHA 700 SOUTH FLOWER STREET, SUITE 640 LOS ANGELES, CA 90017 UNITED STATES | ATTN: NOUNY ROGERS TITLE: PHONE: (213) 340-4899 EMAIL: NOUNY@MEDIALPHA.COM | Trade Debts | | | | $330,308 |
| 23 | KLEIN MOYNIHAN TURCO LLP 450 SEVENTH AVENUE, 40TH FLOOR NEW YORK, NY 10123 UNITED STATES | ATTN: RAVIN RODRIGUEZ TITLE: PHONE: (212) 246-0900 EMAIL: RRODRIGUEZ@KLEINMOYNIHAN.COM | Professional Services | | | | $322,488 |
| 24 | FACEBOOK 1 HACKER WAY MENLO PARK, CA 94025 UNITED STATES | ATTN: ACCOUNTS RECEIVABLE TITLE: PHONE: (650) 543-4800 EMAIL: AR@META.COM | Trade Debts | | | | $295,563 |
| 25 | SUITED CONNECTOR, LLC 8123 INTERPORT BLVD, SUITE A ENGLEWOOD, CO 80112 UNITED STATES | ATTN: CHRIS HAMLER TITLE: PHONE: (888) 997-5240 EMAIL: ACCOUNTING@SUITEDCONNECTOR.COM | Trade Debts | | | | $291,435 |
| 26 | OTTO QUOTE, LLC 78 SW 7TH ST, FL 6 MIAMI, FL 33130 UNITED STATES | ATTN: ACCOUNTING DEPARTMENT TITLE: PHONE: EMAIL: ACCOUNTING@USEOTTO.TECH | Trade Debts | | | | $272,861 |
| 27 | THE LEAD COMPANY 6757 CASCADE RD SE #205 GRAND RAPIDS, MI 49546 UNITED STATES | ATTN: ACCOUNTING DEPARTMENT TITLE: PHONE: (616) 365-5141 EMAIL: ACCOUNTING@LEAD.CO | Trade Debts | | | | $239,886 |
| 28 | RENUANT, LLC 222 MERCHANDISE MART STE. 875 CHICAGO, IL 60654 UNITED STATES | ATTN: PATRICK CROSS TITLE: PHONE: EMAIL: ACCOUNTING@TRANSPARENT.LY | Trade Debts | | | | $211,511 |
| 29 | VORBIS LIMITED HERITAGE CENTER KILLIMOR BALLINASLOE GALWAY H53 VE48 REPUBLIC OF IRELAND | ATTN: NATALIIA FITSYCH TITLE: PHONE: EMAIL: NATALIA@MAILBOX.ORG | Trade Debts | | | | $211,447 |
| 30 | TIBRIO 3131 W BOLT STREET #A19 FORT WORTH, TX 76110 UNITED STATES | ATTN: STEPHAN GOSS TITLE: PHONE: EMAIL: INFO@TIBRIO.COM | Trade Debts | | | | $208,092 |

Fill in this information to identify the case and this filing:

Debtor Name   **Digital Media Solutions, Inc.**

United States Bankruptcy Court for the:   **Southern District of Texas**

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **09/11/2024** | ☒ */s/ Joe Marinucci* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Joe Marinucci** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**SECRETARY CERTIFICATE**
September 11, 2024

The undersigned, Anthony Saldana, as the authorized signatory on behalf of Digital Media Solutions, Inc. and each of its direct or indirect affiliates, (each, a "Company" and, collectively, the "Companies") identified on **Exhibit A**, attached hereto, hereby certifies as follows:

1.      I am the duly qualified and or authorized person on behalf of, as applicable, each of the below Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.      Attached hereto is a true, complete, and correct copy of the resolutions of (a) the capital allocation and strategy committee (the "Strategy Committee") of the boards of directors or boards of managers, as applicable, of Digital Media Solutions, Inc., Digital Media Solutions Holdings, LLC, Digital Media Solutions, LLC, DMS UE Acquisition Holdings, Inc., CEP V DMS US Blocker Company, and Traverse Data, Inc., duly adopted at a properly convened and joint meeting of the Strategy Committee on September 11, 2024, in accordance with the applicable Strategy Committee charter, limited liability company agreement, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3.      Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Strategy Committee or the Boards relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature Page Follows]*

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Companies as of the date hereof.

By:  
Name:     Anthony Saldana  
Title:      Authorized Signatory

**Exhibit A**

Companies

| Name | Jurisdiction |
|---|---|
| Digital Media Solutions, Inc. | DE |
| Digital Media Solutions Holdings, LLC | DE |
| Digital Media Solutions, LLC | DE |
| Aimtell LLC | DE |
| Apex Digital Solutions, LLC | DE |
| Aramis Interactive, LLC | TX |
| Art Brock Holdings, LLC | DE |
| Best Rate Holdings, LLC | DE |
| Car Loan Pal Holdings LLC | DE |
| CEP V DMS US Blocker Company | DE |
| CGIW Marketing Services, LLC | DE |
| Dealtaker, LLC | CO |
| DMS Education LLC | DE |
| DMS Engage, LLC | DE |
| DMS UE Acquisition Holdings Inc. | DE |
| Edge Marketing, LLC | DE |
| Forte Media Solutions, LLC | DE |
| Health Market Advisor Group, LLC | DE |
| Orange Cedar Holdings, LLC | WY |
| Peak Vertex LLC | DE |
| Performance Marketers Group, LLC | DE |
| Protect.com LLC | DE |
| Pure Flow Marketing, LLC | DE |
| PushPros LLC | DE |
| RGO Media, LLC | MA |
| SchoolAdvisor, LLC | DE |
| She is Media, LLC | CO |
| Smarterchaos.com, LLC | CO |
| Sparkroom Holdings, LLC | DE |
| Sparkroom, LLC | NE |
| SWWSMedia.com, LLC | DE |
| Traverse Data, Inc. | DE |
| W4 Holding Company, LLC | DE |
| White Star Email LLC | DE |

**OMNIBUS RESOLUTIONS OF THE STRATEGY COMMITTEE
OF DIGITAL MEDIA SOLUTIONS, INC., DIGITAL MEDIA SOLUTIONS HOLDINGS, LLC,
DIGITAL MEDIA SOLUTIONS, LLC, DMS UE ACQUISITION HOLDINGS, INC.,
CEP V DMS US BLOCKER COMPANY, AND TRAVERSE DATA, INC.**

September 11, 2024

**WHEREAS**, the members of the capital allocation and strategy committee (the "Strategy Committee") of the boards of directors or boards of managers, as applicable, (the "Boards" and each, a "Board") of Digital Media Solutions, Inc., Digital Media Solutions Holdings, LLC, Digital Media Solutions, LLC, DMS UE Acquisition Holdings, Inc., CEP V DMS US Blocker Company, and Traverse Data, Inc. (each, a "Company" and collectively, the "Companies"), on behalf of the Companies, and the direct and indirect subsidiaries identified on **Exhibit A** attached hereto (together with the Companies, each, a "Filing Entity" and collectively, the "Filing Entities") conducted a telephonic meeting (the "Meeting") on September 11, 2024;

**WHEREAS**, Digital Media Solutions, LLC, has the authority as the sole stockholder or sole member, as applicable, directly or indirectly, of each of the entities set forth on **Exhibit A** to manage the business affairs of each of the entities set forth on **Exhibit A** and to enter into the following resolutions (the "Resolutions") on behalf of each of the entities set forth on **Exhibit A**;

**WHEREAS**, a requisite number of the members of the Strategy Committee, constituting a quorum, participated throughout the Meeting.  After it was confirmed that the Meeting was duly convened (and each member of the Strategy Committee waived any notice requirements in connection therewith), the Meeting was called to order;

**WHEREAS**, on November 7, 2023, the Boards established the Strategy Committee to, among other things, (a) oversee such applicable Company's liquidity and cost cutting programs in partnership with the Companies' management team, advisors, and any other relevant parties and (b) review, analyze, assess, develop, and negotiate any financing, recapitalization, merger, divestiture, acquisition, leasing, restricting, or similar transactions for the Companies (each, a "Transaction");

**WHEREAS**, on August 30, 2024, the Boards expanded the scope of authority of the Strategy Committee to include the power and authority to (a) authorize each Company to file voluntary petitions for relief under the provisions of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and (b) approve any Transaction and bind each Company, on behalf of itself or in its capacity as a member manager, and its subsidiaries, with respect to any such Transaction without further need for further approval by the Board;

**WHEREAS**, the Strategy Committee has reviewed and considered:  (i) the filing of voluntary petitions for relief (the "Bankruptcy Petitions") for each Filing Entity under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") pursuant to the governing documents, as applicable, of each Filing Entity and the applicable laws of the jurisdiction in which each Filing Entity is organized; (ii) the use of Cash Collateral, the entry into the DIP Facility, and the incurrence of Adequate Protection Obligations (each as defined herein); (iii) entry into the Stalking Horse Agreement and approval of the Expense Reimbursement (each as defined herein); (iv) the appointment of Mr. Zachary Rose, Triple P RTS, LLC,

as Chief Restructuring Officer of each Filing Entity; and (v) the retention of professionals by each Filing Entity; and

**WHEREAS**, the Strategy Committee has reviewed and considered the materials presented by the management of the Companies and the Companies' financial and legal advisors, and has had adequate opportunity to consult with such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Filing Entities.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the governing documents, the Companies hereby adopt the following Resolutions:

## CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Strategy Committee, it is desirable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest, that each Filing Entity files or causes to be filed the Bankruptcy Petitions under the Bankruptcy Code (such voluntary chapter 11 cases, the "Chapter 11 Cases") in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the governing documents, as applicable, of the Filing Entities and the applicable laws of the jurisdiction in which each Filing Entity is organized, and hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions; and it is

**RESOLVED FURTHER**, that any partner, director, manager, member, or any other duly appointed officer of the Filing Entities (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories, with power of delegation, be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Filing Entity all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of each Filing Entity's business.

## USE OF CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED FURTHER**, that, it is desirable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest, to obtain the benefits from the (i) use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral") in the Chapter 11 Cases, which collateral is security for certain prepetition secured lenders (collectively, the "Prepetition Lenders") under that certain Credit Agreement, dated as of May 25, 2021 by and among Digital Media Solutions, LLC, as borrower, Digital Media Solutions Holdings, LLC, as Holdings, Ankura Trust Company, LLC, as administrative agent and collateral agent, and the lenders and issuing banks party thereto (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), and (ii) the incurrence of an approximately $122 million senior secured superpriority priming debtor-in-possession financing facility, which shall include $30 million in of new money loans and a "roll up" of approximately $92 million under the Credit Agreement (the "DIP Facility") on the terms and conditions set forth in the DIP Documents (as defined herein); and it is

2

**RESOLVED FURTHER**, that to use and obtain the benefits of Cash Collateral and the DIP Facility, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities be, and hereby are, authorized to provide certain adequate protection to the Prepetition Lenders (the "Adequate Protection Obligations") as documented in proposed interim and final orders (together, the "DIP Orders") and submitted for approval to the Bankruptcy Court, and, to the extent that the Companies are required to obtain consent from the Prepetition Lenders to enter into any of the DIP Documents (as defined herein), to obtain such consents; and it is

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Facility be, and hereby are, in all respects approved, and the Filing Entities are authorized to enter into the DIP Facility subject to approval by the Bankruptcy Court; and it is

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Orders to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and the Authorized Persons of the Filing Entities be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Facility, and such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which the Filing Entities are or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Orders and the DIP Facility, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses in each case, in the form or substantially in the form thereof submitted to the Strategy Committee, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**RESOLVED FURTHER**, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations; and it is

**RESOLVED FURTHER**, that the Authorized Persons of the Filing Entities be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Filing Entities that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders and the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders.

**THE STALKING HORSE AGREEMENT AND EXPENSE REIMBURSEMENT**

RESOLVED FURTHER, that the Filing Entities have negotiated an asset purchase agreement (the "Stalking Horse Agreement"), with the lenders under the DIP Facility (the "Stalking Horse Bidder"), in good faith for the sale of substantially all of the Filing Entities' assets to the Stalking Horse Bidder, and that the Strategy Committee of the Companies, in their business judgment, believe that finalization of, and entry into, the Stalking Horse Agreement is in the best interests of each Filing Entity, and such entry be, and hereby is, ratified and approved in all respects, including modifications as necessary, and the Filing Entities are hereby authorized to undertake any and all related transactions contemplated thereby, including finalizing the negotiation and documentation thereof, on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them in their, his, or her sole discretion, determine to be necessary, appropriate, or desirable; and it is

RESOLVED FURTHER, that the Authorized Signatories of the Filing Entities be, and hereby are, authorized, directed, and empowered to execute and file with the Bankruptcy Court a motion to approve the Stalking Horse Agreement, including the expense reimbursement of up to $1,000,000 (the "Expense Reimbursement"), and authorize the Filing Entities to conduct a sale process for all, substantially all, or a portion of the Filing Entities' assets pursuant to certain bidding procedures (the "Bidding Procedures"); and it is

RESOLVED FURTHER, that the Authorized Signatories of the Filing Entities be, and hereby are, authorized, directed, and empowered to conduct one or more auctions, if necessary, in accordance with the terms of the Bidding Procedures (each, an "Auction") and to negotiate, for and on behalf of the Filing Entities, such agreements, documents, assignments, and instruments as may be necessary, appropriate, or desirable in connection with the sale to the Stalking Horse Bidder or such other successful bidder at an Auction.

**CHIEF RESTRUCTURING OFFICER**

RESOLVED FURTHER, that to assist with the Filing Entities' evaluation, pursuit, and implementation of strategic alternatives, the Strategy Committee has considered the appointment of a representative from Triple P RTS, LLC ("Portage") to serve in the capacity of Chief Restructuring Officer of each Filing Entity, which such duties, authority, and responsibilities as set forth herein and that certain form of engagement letter by and between Digital Media Solutions, Inc. and Portage (the "Engagement Letter") attached hereto as **Exhibit B**; and it is

RESOLVED FURTHER, that the Strategy Committee forms the office of the Chief Restructuring Officer at each of the Filing Entities, which shall have the duties, authority, and responsibilities set forth herein in the Engagement Letter and shall be an Authorized Signatory on behalf of each Filing Entity; and it is

RESOLVED FURTHER, that pursuant to the applicable organizational documents of each of the Filing Entities, Mr. Zachary Rose of Portage is hereby appointed as the Chief Restructuring Officer of each Filing Entity effective as of the date hereof, reporting to, and serving at the direction of, the Strategy Committee, until his successor has been duly appointed or until his earlier resignation, removal from office, or death; and it is

**RESOLVED FURTHER**, that the Engagement Letter and the terms thereof is hereby approved in the form presented to the Strategy Committee and an Authorized Officer is hereby authorized to enter into such revised Engagement Letter (with such changes as authorized by such Authorized Officer as evidenced by its signature thereto) and take all actions thereunder.

## RETENTION OF PROFESSIONALS

**RESOLVED FURTHER**, that the Authorized Signatories be, and they hereby are, authorized, empowered, and directed to employ (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as co-bankruptcy counsel; (ii) the law firm of Porter Hedges LLP, as co-bankruptcy counsel; (iii) Houlihan Lokey, Inc. as investment banker; (iv) Portage, as financial advisor, tax services provider, and Chief Restructuring Officer; (v) Omni Agent Solutions, Inc. as claims and noticing agent; and (vi) any other legal counsel, accountant, financial advisor, restructure advisor, banker, or other professional the Authorized Signatories deem necessary, appropriate, or advisable to retain, each to represent and assist the Filing Entities in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and other applicable law, and to take any and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications or pleadings, and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of the bankruptcy professionals.

## GENERAL

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of the Filing Entities, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and it is

**RESOLVED FURTHER**, that the Strategy Committee has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and it is

**RESOLVED FURTHER**, that to fully carry out the intent and effectuate the purposes of the foregoing Resolutions, each of the Strategy Committee and each of the Authorized Signatories are hereby authorized to take all such further action, and to execute and deliver all such further instruments and documents in the name and on behalf of the Filing Entities, and under its corporate seal or otherwise pay all such fees and expenses, which shall in his or her business judgment may be necessary, proper, or advisable; and it is

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Filing Entity,

which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Filing Entity with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the resolutions of the Strategy Committee.

\*   \*   \*   \*   \*

**Exhibit A**

Filing Entities other than the Companies

| Name | Jurisdiction |
|---|---|
| Aimtell LLC | DE |
| Apex Digital Solutions, LLC | DE |
| Aramis Interactive, LLC | TX |
| Art Brock Holdings, LLC | DE |
| Best Rate Holdings, LLC | DE |
| Best Rate Referrals, Inc. | CA |
| Car Loan Pal Holdings LLC | DE |
| CGIW Marketing Services, LLC | DE |
| Dealtaker, LLC | CO |
| DMS Education LLC | DE |
| DMS Engage, LLC | DE |
| Edge Marketing, LLC | DE |
| Forte Media Solutions, LLC | DE |
| Health Market Advisor Group, LLC | DE |
| Orange Cedar Holdings, LLC | WY |
| Peak Vertex LLC | DE |
| Performance Marketers Group, LLC | DE |
| Protect.com LLC | DE |
| Pure Flow Marketing, LLC | DE |
| PushPros LLC | DE |
| RGO Media, LLC | MA |
| SchoolAdvisor, LLC | DE |
| She is Media, LLC | CO |
| Smarterchaos.com, LLC | CO |
| Sparkroom Holdings, LLC | DE |
| Sparkroom, LLC | NE |
| SWWSMedia.com, LLC | DE |
| W4 Holding Company, LLC | DE |
| White Star Email LLC | DE |

**<u>Exhibit B</u>**

[*Intentionally Omitted*]