United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 12, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>DIGITAL MEDIA SOLUTIONS, INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 24-90468 (ARP)<br>)<br>) (Joint Administration Requested)<br>)<br>) **Re: Docket No.  14** |

### ORDER (I) ESTABLISHING DEADLINES FOR THE FILING OF
### PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER
### OF NOTICE THEREOF, (III) APPROVING THE FORM AND MANNER
### OF FILING PROOFS OF CLAIM, AND (IV) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order"): (a) establishing the Claims Bar Date; (b) establishing the Governmental Bar Date; (c) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date; (d) approving the form and manner for filing Proofs of Claim; and (e) approving notice of the Bar Dates (each as defined herein); and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates,

---

[1]     A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/DMS.  The location of Debtor Digital Media Solutions, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 4800 140th Avenue North, Suite 101, Clearwater, Florida 33762.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

## I.      The Bar Dates and Procedures for Filing Proofs of Claim.

1.      Each entity[3] that asserts a claim against any of the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Except in the cases of governmental units and certain other exceptions explicitly set forth  herein, ***all Proofs of Claim must be filed so that they are actually received on or before November 14, 2024, at 5:00 p.m., prevailing Central Time*** (the "Claims Bar Date"), at the addresses and in the form set forth herein.  The Claims Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically

---

[3]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.   In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]     Copies of Official Form 410 may be obtained by:  (a) calling the Debtors' restructuring hotline at (866) 680-8083 (toll free from U.S. and Canada) or +1 (818) 574-6886 (international); (b) visiting the Debtors' restructuring website at: https://omniagentsolutions.com/DMS; and/or (c) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Bar Date Order.

2.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, ***so they are actually received on or before March 10, 2025, at 5:00 p.m., prevailing Central Time*** (the "Governmental Bar Date"), at the address and in the form set forth herein.

3.      Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").

4.      If any Debtor amends the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the last date and time for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days from the date the notice of the Schedule amendment is mailed (the "Amended Schedules Bar Date" and together

with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates").

5.     All Proofs of Claim must be filed or submitted so as to be ***actually received*** by the Claims and Noticing Agent on or before the applicable Bar Date.     If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

**II.     Parties Required to File Proofs of Claim.**

6.     The following categories of claimants, in the capacities described below, shall be required to file a Proof of Claim by the Bar Date:

a.     any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.     any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; provided that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d.     any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.     any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**III.    Parties Exempted from the Bar Date.**

7.    The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

    a.    the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    b.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

    c.    any entity whose claim is listed on the  Schedules  if:  (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    d.    any entity whose claim has previously been allowed by a final order of the Court;

    e.    any Debtor or non-Debtor affiliate having a claim against another Debtor;

    f.    any entity whose claim is solely against any non-Debtor affiliates;

    g.    any entity whose claim has been paid by the Debtors pursuant to an order of the Court;

    h.    a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the  Petition  Date,  including  claims  for  wrongful  termination, discrimination, harassment, hostile work environment, and/or retaliation;

    i.    any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

    j.    any entity holding a claim for which a separate deadline is fixed by an order of the Court;

    k.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

    l.    any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation,

pursuant to an order authorizing the Debtors' proposed postpetition financing (whether on an interim or final basis) (any such order, the "DIP Order");

m.    any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

n.    any entity holding an equity interest in any Debtor.

## IV.    Substantive Requirements of Proofs of Claim.

8.    The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

a.    ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

b.    ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    ***Electronic Signatures Permitted***.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.    ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. [●]), or otherwise without identifying a specific Debtor, will be deemed as filed only against DMS Inc.

e.    ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against DMS Inc.

f.    ***Supporting Documentation in Order to Have* Prima Facie *Validity***.  In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof

of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than 10 days from the date of such request.

g.   ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://omniagentsolutions.com/DMS, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Overnight Mail, or Hand Delivery:**
Digital Media Solution, Inc. Claims Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED**

h.   ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

9.   For the avoidance of doubt, paragraph 31 of the DIP Order (filed at Docket No. [●]) shall govern and control with respect to any Master Proof of Claim that may be filed by the Prepetition Agent (as defined in the DIP Order), in its sole discretion, and the terms of paragraph 31 of the DIP Order (filed at Docket No. [●]) shall govern and control to the extent inconsistent with this Bar Date Order.

## V.  Identification of Known Creditors.

10.   The Debtors shall mail notice of the applicable Bar Date only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

## VI.  Procedures for Providing Notice of the Bar Date.

### A.  Mailing of Bar Date Notices.

11.   The Debtors shall cause a written notice of the Bar Date Package to be served via email, facsimile, or first-class mail within four business days after the date of the entry of this Order (or as soon as reasonably practicable thereafter), substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class mail to the following entities:

a.   the U.S. Trustee;

b.   the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

c.   Ropes & Gray LLP, as counsel to the DIP Agent;

d.   Ropes & Gray LLP, as counsel to the DIP Lenders;

e.   Ropes & Gray LLP, as counsel to the Prepetition Agent;

f.   all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order;

g.   all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;

h.   all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the entry of the Bar Date Order;

i.   all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

j.   all entities who are party to executory contracts and unexpired leases with the Debtors;

k.   all entities who are party to active litigation with the Debtors;

l.   all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

m.   all other entities listed on the Debtors' matrix of creditors;

n.   all regulatory authorities that regulate the Debtors' business, including environmental and permitting authorities;

o.   the Offices of the Attorney General for each of the states in which the Debtors operate;

p.   the District Director of the Internal Revenue Service for the Southern District of Texas;

q.   all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

r.   the United States Securities and Exchange Commission; and

s.   the Office of the United States Attorney for the Southern District of Texas.

Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

### B.   Supplemental Mailings.

12.   After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process or the Schedules filing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 10 days in advance of the applicable Bar Date, with any such mailings being deemed timely and such Bar Date being applicable to the recipient creditors. Consistent with the preceding sentence, if any new potential creditors are discovered before the Claims Bar Date, the Debtors shall mail a Bar Date Package to such parties, and the Debtors will work with such parties to make reasonable accommodations in the event a request is made for an extension of the Claims Bar Date.

13.     To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

**C.      Publication of Bar Date Notice.**

14.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in the national edition of *The New York Times* and/or any other national or local publications that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavits of service.

15.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**VII.    Consequences of Failure to File a Proof of Claim.**

16.     Any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to

section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated. Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

17.     Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**VIII.   Miscellaneous.**

18.     The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

19.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

20.     The contents of this Motion satisfy the requirements of Bankruptcy Rule 6003(b).

21.     All time periods set forth in this Bar Date Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

23.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Signed: September 12, 2024

_____
Alfredo R Pérez
United States Bankruptcy Judge

## **Exhibit 1**

**Proof of Claim Form**

**US BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS**

**Fill in the information to identify the case (Select only one Debtor per form):**

To select a debtor, please see attached Exhibit A. A Proof of Claim that does not identify a specific debtor, or identifies more than one debtor, will be deemed as filed only against Digital Media Solutions, Inc.

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. **Additional instructions for filling out and submitting Proofs of Claim can be found on https://omniagentsolutions.com/DMS. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, except a request for payment of a claim pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes   From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Number     Street

City          State     ZIP Code

Contact Phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City          State     ZIP Code

Contact Phone

Contact email

**4. Does this claim amend one already filed?**

☐ No
☐ Yes   Claim Number on court claims registry (if known) _____   Filed On____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes   Who made the earlier filing?

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ _____    **Does this amount include interest or other charges?**

☐ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

_____

**9. Is all or part of the claim secured?**

☐ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other    Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____
**Amount of the claim that is secured:**    $ _____
**Amount of the claim that is unsecured:**    $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**   (when case was filed)   _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11. Is this claim subject to a right of setoff?**

☐ No
☐ Yes    Identify the property: _____

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9))?**

☐ No
☐ Yes    Amount of 503(b)(9) Claim: $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes   *Check all that apply*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use.  11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$ _____

☐ Other.  Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it.
FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim*  serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
MM  /  DD  /  YYYY

Signature  _____

**Print the name of the person who is completing and signing this claim:**

Name  _____
First Name          Middle Name          Last Name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number          Street

_____
City          State          ZIP Code

Contact Phone  _____   Email  _____

---

**Exhibit A**

**Fill in the information to identify the case (Select only one Debtor per form):**

- ☐ Aimtell Holdco, Inc.
- ☐ Aimtell LLC
- ☐ Apex Digital Solutions, LLC
- ☐ Aramis Interactive, LLC
- ☐ Art Brock Holdings, LLC
- ☐ Best Rate Holdings, LLC
- ☐ Best Rate Referrals, Inc.
- ☐ Car Loan Pal Holdings LLC
- ☐ CEP V DMS US Blocker Company
- ☐ CGIW Marketing Services, LLC
- ☐ Dealtaker, LLC
- ☐ Digital Media Solution Holdings, LLC
- ☐ Digital Media Solutions, Inc.
- ☐ Digital Media Solutions, LLC
- ☐ DMS Education LLC
- ☐ DMS Engage, LLC
- ☐ DMS UE Acquisition Holdings, Inc.
- ☐ Edge Marketing, LLC
- ☐ Forte Media Solutions, LLC
- ☐ Health Market Advisor Group. LLC
- ☐ Orange Cedar Holdings, LLC
- ☐ Peak Vertex LLC
- ☐ Performance Marketers Group, LLC
- ☐ Protect.com LLC
- ☐ Pure Flow Marketing, LLC
- ☐ PushPros LLC
- ☐ RGO Media, LLC
- ☐ SchoolAdvisor, LLC
- ☐ She is Media, LLC
- ☐ SmarterChaos.com, LLC
- ☐ Sparkroom Holdings, LLC
- ☐ Sparkroom, LLC
- ☐ SWWSMedia.com, LLC
- ☐ Traverse Data Inc.
- ☐ UE Authority, Co.
- ☐ W4 Holding Company, LLC
- ☐ White Star Email LLC

## **Exhibit 2**

**Proposed Form of Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 24-90468 (ARP) |
| DIGITAL MEDIA SOLUTIONS, INC., *et al.*,[1] | ) |
|  | ) (Joint Administration Requested) |
| Debtors. | ) |
|  | ) |

**NOTICE OF DEADLINES FOR THE FILING**
**OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
**PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY**
**OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor | Case No. |
|---|---|
| Digital Media Solutions, Inc. | 24-90468 |
| Aimtell Holdco, Inc. | 24-90469 |
| Aimtell LLC | 24-90470 |
| Apex Digital Solutions, LLC | 24-90472 |
| Aramis Interactive, LLC | 24-90467 |
| Art Brock Holdings, LLC | 24-90475 |
| Best Rate Holdings, LLC | 24-90477 |
| Best Rate Referrals, Inc. | 24-90479 |
| Car Loan Pal Holdings LLC | 24-90483 |
| CEP V DMS US Blocker Company | 24-90487 |
| CGIW Marketing Services, LLC | 24-90471 |
| Dealtaker, LLC | 24-90476 |
| Digital Media Solutions Holdings, LLC | 24-90481 |
| Digital Media Solutions, LLC | 24-90485 |
| DMS Education LLC | 24-90488 |
| DMS Engage, LLC | 24-90491 |
| DMS UE Acquisition Holdings Inc. | 24-90495 |
| Edge Marketing, LLC | 24-90500 |
| Forte Media Solutions, LLC | 24-90503 |
| Health Market Advisor Group, LLC | 24-90473 |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/DMS.  The location of Debtor Digital Media Solutions, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 4800 140th Avenue North, Suite 101, Clearwater, Florida 33762.

| Debtor | Case No. |
|---|---|
| Orange Cedar Holdings, LLC | 24-90480 |
| Peak Vertex LLC | 24-90484 |
| Performance Marketers Group, LLC | 24-90489 |
| Protect.com, LLC | 24-90502 |
| Pure Flow Marketing, LLC | 24-90501 |
| PushPros LLC | 24-90497 |
| RGO Media, LLC | 24-90494 |
| Schooladvisor, LLC | 24-90493 |
| She Is Media, LLC | 24-90474 |
| SmarterChaos.com, LLC | 24-90478 |
| Sparkroom Holdings, LLC | 24-90482 |
| Sparkroom, LLC | 24-90486 |
| SWWSMedia.Com, LLC | 24-90490 |
| Traverse Data, Inc. | 24-90492 |
| UE Authority, Co. | 24-90496 |
| W4 Holding Company, LLC | 24-90499 |
| White Star Email LLC | 24-90498 |

**PLEASE TAKE NOTICE THAT:**

On September 11, 2024 (the "Petition Date"), Digital Media Solutions, Inc. ("DMS Inc.") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), commenced filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").[2]

On [●], 2024 the Court entered an order [Docket No. [●]] the ("Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

2

for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.      THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "Bar Dates").

a.    ***The Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are **required** to file Proofs of Claim by **November 14, 2024, at 5:00 p.m., prevailing Central Time**. Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.    ***The Governmental Bar Date***.   Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are **required** to file Proofs of Claim by **March 10, 2025, at 5:00 p.m., prevailing Central Time**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.    ***The Rejection Damages Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are **required** to file Proofs of Claim by the Rejection Damages Bar Date, (*i.e.*, by the date that is the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is 30 days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtors).

d.    ***Amended Schedules Bar Date***.   Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are **required** to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.*, by the date that is the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment to the Schedules).

## II.      PARTIES WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date must file Proofs of Claim on or before the Claims Bar Date, the Governmental Bar Date, or any other applicable Bar Date set forth in the Bar Date Order, as applicable:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases

b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; provided that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d.      any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.     PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.   The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need *not* file Proofs of Claim:

a.      the Office of the United States Trustee for the Southern District of Texas, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

4

c.      any entity whose claim is listed on the  Schedules  if:  (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any Debtor or non-Debtor affiliate having a claim against another Debtor;

f.      any entity whose claim is solely against any non-Debtor affiliates;

g.      any entity whose claim has been paid by the Debtors pursuant to an order of the Court;

h.      a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by an order of the Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to an order authorizing the Debtors' proposed postpetition financing (whether on an interim or final basis) (any such order, the "DIP Order");

m.      any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

n.      any entity holding an equity interest in any Debtor.

**IV.     INSTRUCTIONS FOR FILING PROOFS OF CLAIM.**

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.  ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

b.  ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Electronic Signatures Permitted***.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.  ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. [●]), or otherwise without identifying a specific Debtor, will be deemed as filed only against DMS Inc.

e.  ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against DMS Inc.

f.  ***Supporting Documentation in Order to Have* Prima Facie *Validity***.  In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than 10 days from the date of such request.

g.  ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://omniagentsolutions.com/DMS, or (iii) if

submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Overnight Mail, or Hand Delivery:**
Digital Media Solution, Inc. Claims Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

h.   ***Receipt of Service***.   Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.   YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.   THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.   YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.   YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.   RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need ***not*** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.    ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the website maintained by the Debtors' Claims and Noticing Agent at on the Claims and Noticing Agent's website at https://omniagentsolutions.com/DMS.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.   Copies of the Schedules and other documents filed in these cases may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (866) 680-8083 (toll free from U.S. and Canada) or +1 (818) 574-6886 (international).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

**Exhibit 3**

**Proposed Form of Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 24-90468 (ARP) |
| DIGITAL MEDIA SOLUTIONS, INC., *et al.*,[1] | ) |
|  | ) (Joint Administration Requested) |
| Debtors. | ) |
|  | ) |

**NOTICE OF DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR**
**PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

---

**THE CLAIMS BAR DATE IS NOVEMBER 14, 2024, AT 5:00 P.M., PREVAILING**
**CENTRAL TIME**

**THE GOVERNMENTAL CLAIMS BAR DATE IS MARCH 10, 2025, AT 5:00 P.M.,**
**PREVAILING CENTRAL TIME**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Deadlines for Filing Proofs of Claim***.  On [●], 2024, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| Debtor | Case No. |
|---|---|
| Digital Media Solutions, Inc. | 24-90468 |
| Aimtell Holdco, Inc. | 24-90469 |
| Aimtell LLC | 24-90470 |
| Apex Digital Solutions, LLC | 24-90472 |
| Aramis Interactive, LLC | 24-90467 |
| Art Brock Holdings, LLC | 24-90475 |
| Best Rate Holdings, LLC | 24-90477 |
| Best Rate Referrals, Inc. | 24-90479 |
| Car Loan Pal Holdings LLC | 24-90483 |
| CEP V DMS US Blocker Company | 24-90487 |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/DMS.  The location of Debtor Digital Media Solutions, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 4800 140th Avenue North, Suite 101, Clearwater, Florida 33762.

| Debtor | Case No. |
|--------|----------|
| CGIW Marketing Services, LLC | 24-90471 |
| Dealtaker, LLC | 24-90476 |
| Digital Media Solutions Holdings, LLC | 24-90481 |
| Digital Media Solutions, LLC | 24-90485 |
| DMS Education LLC | 24-90488 |
| DMS Engage, LLC | 24-90491 |
| DMS UE Acquisition Holdings Inc. | 24-90495 |
| Edge Marketing, LLC | 24-90500 |
| Forte Media Solutions, LLC | 24-90503 |
| Health Market Advisor Group, LLC | 24-90473 |
| Orange Cedar Holdings, LLC | 24-90480 |
| Peak Vertex LLC | 24-90484 |
| Performance Marketers Group, LLC | 24-90489 |
| Protect.com, LLC | 24-90502 |
| Pure Flow Marketing, LLC | 24-90501 |
| PushPros LLC | 24-90497 |
| RGO Media, LLC | 24-90494 |
| Schooladvisor, LLC | 24-90493 |
| She Is Media, LLC | 24-90474 |
| SmarterChaos.com, LLC | 24-90478 |
| Sparkroom Holdings, LLC | 24-90482 |
| Sparkroom, LLC | 24-90486 |
| SWWSMedia.Com, LLC | 24-90490 |
| Traverse Data, Inc. | 24-90492 |
| UE Authority, Co. | 24-90496 |
| W4 Holding Company, LLC | 24-90499 |
| White Star Email LLC | 24-90498 |

***The Bar Dates***.  Pursuant to the Bar Date Order, ***all*** entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to September 11, 2024, no matter how remote or contingent such right to payment or equitable remedy may be, ***including*** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **November 14, 2024 at 5:00 p.m., prevailing Central Time (the "**<u>Claims Bar Date</u>**")**.  Governmental entities that have a claim or potential claim against the Debtors that arose prior to February 1, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **March 10, 2025 at 5:00 p.m., prevailing Central Time (the "**<u>Governmental Bar Date</u>**")**.  All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the date that is **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "**<u>Rejection Damages Bar Date</u>**")**.  All entities holding claims affected by an amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "<u>Schedules</u>") are required to file Proofs of Claim by the date that is **later of (i) the Claims Bar Date or the Governmental**

**Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment to the Schedules (the "<u>Amended Schedules Bar Date</u>").**

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods:  (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the website maintained by the Debtors' claims and noticing agent at https://omniagentsolutions.com/DMS, (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be *actually received* by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or any other applicable Bar Date, as applicable at the following address:

**If by First-Class Mail, Overnight Mail, or Hand Delivery:**
Digital Media Solutions, Inc. Claims Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR**

**ELECTRONIC MAIL WILL NOT BE ACCEPTED**

*Contents of Proofs of Claim*.  Each Proof of Claim must:  (1) be written in legible English; (2) include a claim amount denominated in United States dollars; (3) clearly identify the Debtor against which the claim is asserted; (4) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink; and (6) include as attachments any and all supporting documentation on which the claim is based.  *Please note* that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against DMS Inc., or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against DMS Inc.

*Electronic Signatures Permitted*.  Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.    Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five years after the

3

Debtors' cases are closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

***Section 503(b)(9) Requests for Payment***.   Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also:  (1) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (2) attach any documentation identifying the particular invoices for which such claim is being asserted; and (3) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

***Additional Information***.   If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by: (i) calling the Debtors' restructuring hotline at (866) 680-8083 (toll free from U.S. and Canada) or +1 (818) 574-6886 (international); and/or (ii) visiting the Debtors' restructuring website at: https://omniagentsolutions.com/DMS.