IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>DIGITAL MEDIA SOLUTIONS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90468 (ARP)<br><br>(Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF LANDLORD 225 BROADWAY LLC TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, (A) THE REJECTION OF CERTAIN UNEXPIRED LEASES AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, AND (II) GRANTING RELATED RELIEF**

*[Relates to Docket No. 24]*

Landlord 225 Broadway LLC ("225 Broadway"), by and through its undersigned counsel, hereby files this *Limited Objection and Reservation of Rights* (the "Objection") to *Debtor's [sic] Motion for Entry of an Order (I) Authorizing, Effective Nunc Pro Tunc to the Petition Date, (A) the Rejection of Certain Unexpired Leases and (B) Abandonment of Certain Personal Property, and (II) Granting Related Relief* [Docket No. 24] (the "Motion"), and respectfully represent as follows:

**BACKGROUND**

1. On September 11, 2024 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 11 of Title 11 of the United States Code.

---

[1] A complete list of each of the debtors (the "Debtors") in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/DMS. The location of Debtor Digital Media Solutions, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 4800 140th Avenue North, Suite 101, Clearwater, Florida 33762.

2.      The Debtors are operating their businesses and managing their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.      One of the Debtors, UE Authority, Co. ("UE") leases approximately 12,000 square feet of office space in San Diego California (the "Premises") from 225 Broadway pursuant to a February 20, 2019 lease of nonresidential real property (as amended, and as referenced in the Motion, the "San Diego Master Lease").  By a sublease dated November 23, 2021, UE, with the consent of 225 Broadway, sublet the entirety of the Premises to Chatmeter, Inc. ("Chatmeter") (as amended, and as referenced in the Motion, the "San Diego Sublease").

4.      On September 12, 2024, the Debtors filed the Motion to reject the San Diego Master Lease and the San Diego Sublease (collectively, the "Leases") retroactive to the Petition Date.

**ARGUMENT**

5.      225 Broadway does not dispute the Debtors' ability to reject the Leases, but does object to the *nunc pro tunc* (or retroactive) nature of the effective date of the rejection of the Leases.

6.      Generally speaking in this Circuit, the effective date of a rejection is the date of the entry of the bankruptcy court's order approving lease rejection. *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (denying retroactive rejection for occupied locations while permitting retroactive rejection in limited circumstances as to others).  This is consistent with the majority view that the effective date of rejection is the date of the bankruptcy court's order approving rejection, and that court approval is a condition precedent to effective rejection. *See, e.g., In re Federated Dep't Stores, Inc.*, 131 B.R. 808, 815-16 (S.D. Ohio 1991); *In re Appliance Store, Inc.*, 148 B.R. 234, 239 (Bankr. W.D. Pa. 1992); *In re Four Star Pizza, Inc.*, 135 B.R. 498, 501 (Bankr. W.D.Pa. 1992); *In re Garfinckels, Inc.*, 118 B.R. 154 (Bankr. D. D.C. 1990); *In re Worths Stores Corp.*, 130 B.R. 531 (Bankr. E.D. Mo. 1991); *In re Revco D.S., Inc.*, 109 B.R. 264

(Bankr. N.D. Ohio 1989); *In re National Oil Co.*, 80 B.R. 525, 526 (Bankr. D. Colo. 1987).

7. More recently the Supreme Court held that *nunc pro tunc* relief must reflect reality and not be used to provide relief based on facts that never existed. *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Yali Acevedo Feliciano*, 589 U.S. 57, 140 S. Ct. 696, 700 – 710 (2020) ("Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders … to 'reflect the reality' of what has already occurred … *[n]unc pro tunc* orders are not some Orwellian vehicle for revisionist history – creating facts that never occurred in fact…. Put plainly, the court cannot make a record of what is not.") (citations and internal quotation marks omitted). *See also In re Young*, 646 B.R. 779, 785 (Bankr. W.D. Pa. 2022) ("the court cannot use *nunc pro tunc* orders to make the record what it is not") (citing *Feliciano*, 140 S.Ct. at 700 – 701).

8. The record here is sparse, at best. The Motion states that "notices of surrender and abandonment" were served on various landlords, but copies of any such notices have not been provided. *See* Motion, fn. 4. Even though the Debtors claim they are no longer using the Premises, there is no evidence that the subtenant (*i.e.*, Chatmeter) has, either before or after the Petition Date, vacated the Premises. *See* Motion, ¶ 6(c). Nor is there any evidence that keys or security codes to the Premises have been delivered to 225 Broadway.

9. The effective date of the rejection of the Leases should be the date the Debtors are able to provide unequivocal proof that keys or security codes to the Premises have been delivered to 225 Broadway, and that Chatmetrer has either vacated the Premises, or stated in writing that it no longer claims any legal or equitable right to possession of the Premises.

10. Insofar as abandonment of all of the personal property in the Premises is concerned (the "Personal Property"), 225 Broadway again does not dispute the Debtors' ability to do so. However, assuming that Chatmeter has indeed vacated the Premises, the order on the Motion (the

3

"Order") should make it clear that 225 Broadway may dispose of the Personal Property without further notice or Court order, or liability, such as: "The abandonment is free and clear of any liens, claims, encumbrances and interests, and without any liability to the Debtors, their estates, and any third party and without waiver of any claim that landlord may have against the Debtors and their estates." The Order should also provide that: "(i) to the extent applicable, the automatic stay will be modified to permit 225 Broadway to dispose of the Personal Property in its sole and absolute discretion; and (ii) 225 Broadway reserves its rights to file a claim for the costs of disposal of the Personal Property."

## **RESERVATION OF RIGHTS**

11.     225 Broadway reserves the right to (a) modify, supplement, or amend this Objection; (b) assert additional or future objections to the rejection or assumption and assignment of any executory contract or lease between 225 Broadway and the Debtors; and (c) seek allowance and payment of administrative expense claims with respect to any amounts that are currently, or will in the future be, owing to 225 Broadway from the Debtors from and after the Petition Date.

## **CONCLUSION**

WHEREFORE, 225 Broadway respectfully requests that this Court enter an order that approves (i) the rejection of the Leases only to the extent consistent with the foregoing, and (ii) grants 225 Broadway such additional relief as this Court deems just and equitable.

Dated: October 3, 2024                          Respectfully submitted,

                                                                        _/s/ Dylan T.F. Ross_____
                                                                        Keith M. Aurzada (SBN 24009880)
                                                                        Dylan T.F. Ross (SBN 24104435)
                                                                        **REED SMITH LLP**
                                                                        2850 N. Harwood Street, Suite 1500
                                                                        Dallas, TX  75201
                                                                        T: 469-680-4200
                                                                        F: 469-680-4299
                                                                        KAurzada@reedsmith.com

Dylan.Ross@reedsmith.com

and

Brian D. Huben (Cal. Bar No. 134354)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: (424) 204-4353
Facsimile: (424) 204-4350
E-mail: hubenb@ballardspahr.com

*Attorneys for 225 Broadway LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, a true and correct copy of the above foregoing document was served via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic service through same.

　　　　　　　　　　　　　　　　　　  */s/ Dylan T.F. Ross* _____
　　　　　　　　　　　　　　　　　　Dylan T.F. Ross